### VILLAR *v*. EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 88.—Resuelto en abril 5, 1911.

MANDATO—FACULTADES DEL APODERADO PARA TOMAR DINERO A PRÉSTAMO.—La cuestión envuelta en este caso versa sobre la interpretación de la siguiente cláusula: ''Para que venda dichos bienes, acciones y derechos o créditos, los permute, ceda, arriende, grave e hipoteque; otorgue cartas de pago y cancelaciones; haga arreglos y transacciones de todo género, ya se refieran a la simple administración, ya a la más libre disposición.'' *Se resolvió* que en este poder no está incluída la facultad de tomar dinero a préstamo, pues ésta, para que se entienda conferida, ha de hacerse constar expresamente.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Emilio García Cuervo.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el registro de la propiedad la escritura No. 166, otorgada ante el Notario de la Torre, en San Juan, el 19 de diciembre de 1910, por Luis Ordóñez y Góñez, como apoderado de José Ordóñez y Fernández y Eduardo Villar y Alicea, como apoderado de Alejandro Villar y Valera, sobre préstamo garantizado con hipoteca; el registrador se negó a inscribirla por medio de la siguiente nota contra la cual se ha interpuesto el presente recurso gubernativo.

"Denegada la inscripción del anterior documento porque en el poder conferido a Don Luis Ordóñez y Góñez, no se incluye la facultad a éste de tomar dinero a préstamo. Y se ha extendido anotación preventiva por cuatro meses al folio 46 vuelto del tomo 74 de esta ciudad, finca 1578 quintuplicado, anotación letra C. San Juan, enero 19 de 1911. El Registrador, José S. Belaval."

Toda la cuestión envuelta en este caso versa sobre la interpretación que deba darse al poder otorgado por José Ordóñez y Fernández a Luis Ordóñez y Góñez, cuya cláusula pertinente dice así

"Tercera. Para que venda dichos bienes acciones y derechos o créditos, los permute, ceda, arriende, grave e hipoteque; otorgue cartas de pago y cancelaciones de hipoteca; haga arreglos y transacciones de todo género, ya se refieran a simple administración, ya a la más libre disposición."

La facultad para tomar dinero a préstamo no aparece conferida expresamente, pero el recurrente alega que lo fué de una manera implícita, ya que el poderdante, no sólo faculta a su apoderado para hipotecar todos sus bienes, derechos, créditos y acciones, sino también para venderlos, permutarlos y cederlos.

Si la interpretación que se diera a los mandatos fuera amplia y liberal, tal vez tendría razón el recurrente; pero

como de acuerdo con la ley natural, la equidad, la jurispru-
dencia y el mismo Código Civil, deben ser interpretados en
sentido restrictivo, la razón en este caso está de parte del
registrador.

Véase *Fano* v. *Registrador de San Juan,* decidido el 27 de
mayo de 1909.

Zarzoso, en su obra sobre Teoría y práctica en la redac-
ción de instrumentos públicos, páginas 435 y siguientes, al
tratar del poder general, presenta un formulario que si bien
es demasiado detallado y amplio y sería susceptible de con-
densación sin perder en fuerza y claridad, es digno de estudio
por la riqueza de datos que contiene. En dicho formulario
la facultad de dar y tomar a préstamo se consigna expresa-
mente así: "Para que dé o tome a préstamo cualesquiera
cantidades," etc., etc.

La ley relativa al contrato de mandato está contenida en
los artículos 1611 al 1641 del Código Civil revisado y comen-
tando Manresa, tomo 11, página 450, el artículo 1713 del
Código Civil Español, igual al 1615 del Código revisado, se
expresa así:

"Para evitar dudas, puestas de relieve por la experiencia, el
Código exige también mandato expreso para la ejecución de cual-
quier otro acto de riguroso dominio. En su virtud, tenemos por
evidente que ni las servidumbres, ni los censos, ni siquiera los arren-
damientos cuando sean de aquellos que han de inscribirse en el registro
de la propiedad, ni tampoco tomar dinero a préstamo, podrán consti-
tuirse los unos o pactarse los otros, sino con poder expresivo de la
facultad conferida para cualquiera de tales actos, justificándose esto
por la razón de que todos ellos son actos de dominio y afectan al
derecho de propiedad."

El tomar dinero a préstamo es un asunto serio y una per-
sona puede estar perfectamente dispuesta a dar a su apode-
rado facultad para vender o hipotecar con objeto de pagar
deudas existentes, etc., y no querer facultarle para contraer
préstamos. Las facultades de los apoderados deben ser

claras y precisas y la de tomar dinero a préstamo, si se con-
fiere, debe· hacerse constar expresamente en el documento
público que al efecto se otorgue.

En apoyo de la doctrina ·expuesta, creemos aplicable la
sentencia del Tribunal Supremo de España de 10 de mayo
de 1902.

El recurso debe declararse sin lugar y .confirmarse la nota.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciado MacLeary.

Jueces disidentes: Sres. Asociados Wolf y Aldrey.