Post et al., Recurrentes, v. El Registrador, Recurrido.

Recurso gubernativo contra resolución del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 126.—Resuelto en marzo 5, 1913.

Mandato—Interpretación.—La interpretación del mandato ha de ser siempre restrictiva para evitar que se convierta en daño del mandante lo que éste utilizó para su utilidad y beneficio.

Arrendamiento—Corporaciones—Facultades de los Síndicos.—Los síndicos de The Fajardo Sugar Growers' Association, según la cláusula 5ª. de constitución de dicha asociación, no tienen facultades para celebrar contrato de arrendamiento, y no teniéndola, no pueden conferir esa facultad a su apoderado Jorge Bird Arias.

Id.—Síndicos y Directores de una Corporación.—No teniendo facultades los síndicos de The Fajardo Sugar Growers' Association, para celebrar, como tales, el presente contrato de arrendamiento, nada importa para la resolución de este recurso el que al mismo tiempo sean directores de dicha asociación y puedan como tales arrendar.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Luis Muñoz Morales.*

El registrador no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en el pueblo de Fajardo a 17 de junio del año de 1911, don Julio Veve Román y su esposa Doña Juana Fernández García, dieron en arrendamiento la finca rústica de su propiedad, radicada en el término Municipal de Río Grande, a James H. Post, James Bliss Coombs y Lorenzo D. Armstrong, como *trustees* de "The Fajardo Sugar Growers' Association," representados por Jorge Bird Arias, verificándose el contrato por el término de diez años a comenzar desde el 15 de mayo del citado año para terminar en igual día y mes del año de 1921.

El poder que al formalizarse el mencionado contrato de arrendamiento ejercitó Don Jorge Bird Arias, le había sido conferido por James H. Post, James Bliss Coombs y Lorenzo D. Armstrong como *trustees* de "The Fajardo Sugar Growers' Association," mediante documento otorgado en la ciudad de New York a 22 de abril de 1911, suscrito ante el Notario John S. Keith y debidamente autenticado ante William F. Schneider, Clerk del Condado de New York, en cuyo documento se facultaba a Bird Arias para dar y tomar en arrendamiento propiedades a nombre de dichos síndicos y para beneficio de "The Fajardo Sugar Growers' Association," y para inscribir los títulos en el registro correspondiente.

Presentada en el Registro de la Propiedad de San Juan, Sección 1ª., la escritura de arrendamiento con el documento de mandato de que se deja hecho mérito, el registrador denegó su inscripción por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, por los defectos siguientes: 1°. No citarse en el poder conferido a Don Jorge Bird y Arias el acta o escritura de constitución de la corporación o compañía poderdante y su domicilio, por cuya omisión no puede venirse en conocimiento que ésta sea la misma a cuyo favor o a cuya representación se hace el arrendamiento. 2°. Porque confieren el expresado poder los mandantes, en representación de 'The Fajardo

Sugar Growers' Association,' 'asociación no incorporada,' y en la escritura de arrendamiento aparece representada otra, que bajo el mismo nombre, se dice que es una 'Sociedad comercial privada,' y 3º. Porque el poder lo confieren los expresados Señores James H. Post, James Bliss Coombs y Lorenzo D. Armstrong como *trustees* de dicha asociación no incorporada, y el arrendamiento se hace a dichos señores como tales *trustees*, y no a la corporación o compañía a cuyo nombre debe inscribirse el derecho transferido con arreglo a las leyes de Puerto Rico; y tomada en su lugar anotación preventiva por término de cuatro meses al folio cuarenta y nueve vuelto del tomo octavo de Río Grande, finca número setecientos treinta y siete, anotación letra A, en la que se consignaron los defectos, que se califican provisionalmente de subsanables, pero que pudieran resultar insubsanables, de no comprobar los Señores James H. Post, James Bliss Coombs y Lorenzo D. Armstrong, el carácter, representación y facultades con que otorgan el apoderamiento de Don Jorge Bird y Arias, y de no acreditarse la existencia legal de dicha corporación o compañía, que es originaria de New York y sus facultades, con sus cláusulas de incorporación, registradas en la Secretaría de Puerto Rico, o con la escritura social, inscrita en el registro mercantil del distrito. San Juan, Puerto Rico, diez y ocho de junio de mil novecientos doce. El Registrador, José S. Belaval.''

Presentada nuevamente en el registro la escritura de arrendamiento con el poder citado y acta de constitución de la sociedad ''Fajardo Sugar Growers' Association'' otorgada en la ciudad de New York a 30 de agosto de 1909 y registrada en la Secretaría de Puerto Rico, el registrador volvió a denegar la inscripción en los términos siguientes:

''No admitida la subsanación de defectos solicitada, por no ser bastante el documento acompañado al efecto, por cuanto la cláusula 27ª. de las de incorporación de 'The Fajardo Sugar Growers' Association' ratifica el concepto de que carecen de facultades los *trustees* para representar a dicha corporación, y para inscribir a nombre de los mismos, el arrendamiento constituído por el anterior documento. San Juan, agosto 9 de 1912. El Registrador, José S. Belaval.''

Esa nota y su concordante de 18 de junio de 1912, están sometidas a nuestra consideración a virtud de recurso guber-

nativo interpuesto por los síndicos o *trustees* de la "Fajardo Sugar Growers' Association."

Examinando conjuntamente las escrituras de arrendamiento y de mandato y la de constitución de "The Fajardo Sugar Growers' Association," resulta que la sociedad a que se refiere la escritura de 30 de agosto de 1909, es la misma a cuyo beneficio los síndicos de ella representados por Don Jorge Bird Arias celebraron contrato de arrendamiento de terrenos con los esposos Don Julio Veve Román y Doña Juana Fernández García, pues aunque en la escritura de poder, la sociedad se llama no incorporada y en la de arrendamiento comercial privada, la denominación o razón social "The Fajardo Sugar Growers' Association" es idéntica en ambos documentos y los síndicos arrendatarios bajo la representación de Don Jorge Bird Arias son los mismos tres síndicos nombrados en la cláusula 6ª. de la escritura social. Se trata, pues, de una misma entidad o persona jurídica.

Pero los síndicos arrendatarios no tienen poder para celebrar el contrato de arrendamiento de que se trata en concepto de Síndicos de "The Fajardo Sugar Growers' Association," pues sus facultades están marcadas en la cláusula 5ª. de constitución de la sociedad y en esa cláusula sólo se les autoriza para hipotecar, y eso con consentimiento de dos de los tres miembros del *board* de directores. No se les da poder para contratar en general, y por tanto, no lo tienen para celebrar contrato de arrendamiento. La interpretación del mandato ha de ser siempre restrictiva para evitar que se convierta en daño del mandante lo que éste autorizó para su utilidad y beneficio. *Fano* v. *Registrador de la Propiedad de San Juan,* 15 D. P. R., 334; *López Landrón* v. *El Registrador de la Propiedad de San Juan,* 15 D. P. R., 722.

Y si los síndicos de "The Fajardo Sugar Growers' Association" no tienen poder para arrendar, tampoco puede tenerlo su apoderado Jorge Bird Arias por la razón de que *Nemo dat quod non habet.* El mandato es una extensión de la

personalidad del mandante y no cabe extender una persona-
lidad que no existe.

, · Poco importa que el *board* de Directores de ''The Fajardo
Sugar Growers' Association'' esté constituído por las mismas
personas nombradas síndicos de aquella corporación, pues
éstos celebraron el contrato de arrendamiento en concepto de
síndicos, y no en el de directores, importando poco a la resolu-
ción del presente caso lo que pudieran hacer como directores.

, La cláusula vigésima séptima de la incorporación de ''The
Fajardo Sugar Growers' Association'' no es atinente al caso,
y tampoco es aplicable la número 37 a que acaso haya querido
referirse el registrador.

· Por las razones expuestas, debe confirmarse la nota recu-
rrida de 9 de agosto del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf,
del Toro y Aldrey.