COBREROS ET AL., RECURRENTES, v. EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, en escritura de compraventa.

No. 493.—Resuelto en junio 13, 1921.

APODERADO SUSTITUTO—FACULTADES DEL APODERADO SUSTITUTO—VENTA POR APODERADO SUSTITUTO—DEFECTO SUBSANABLE.—Si el registrador no tiene ante sí las escrituras de donde deriva sus poderes el apoderado que los sustituye o no se insertan éstas íntegras en la escritura de sustitución, está justificado en hacer constar en la inscripción de una venta hecha por el apoderado sustituto el defecto subsanable de no haber acreditado éste su carácter y facultades de apoderado.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: Sr. L. Méndez Vaz.

El Registrador recurrido, Sr. R. Tirado Verrier, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Por escritura pública de 11 de abril de 1921 otorgada en esta ciudad ante el notario don Francisco Ramírez de Arellano, don Luis Méndez Vaz vendió la casa No. 31 de la calle de la Luna de esta población como apoderado de los dueños. La venta fué inscrita en el Registro de la Propiedad de San Juan, Sección Primera, aunque haciéndose constar el defecto subsanable de "no acreditarse el carácter y facultades de don Luis Méndez Vaz como apoderado de doña María, don Antonio y doña María de la Asunción Cobreros de la Barrera."

Con el título de venta se presentó en el registro la escritura de 25 de noviembre de 1920 otorgada en Lugo, España, según la cual don José Cobreros de la Barrera como apode-

rado de sus hermanos don Antonio y doña. María de iguales apellidos y como sustituto de don Manuel Varo y Ariza, apoderado de la otra hermana doña María Asunción de iguales apellidos sustituye sus poderes a favor de don Luis Méndez Vaz autorizándolo para vender bienes de sus poderdantes y para otorgar las escrituras correspondientes.   En esa escritura de sustitución el notario inserta algunas cláusulas de la escritura de poder que otorgaron don Antonio y doña María en las que conceden a su apoderado las facultades que él sustituye y agrega después el notario con vista de las escrituras de poder que nada consta en ellas que limite o se oponga a las facultades que ha consignado.   En cuanto a doña María Asunción se limita el notario a transcribir algunas de las cláusulas que el Sr. Varo Ariza sustituyó a don José Cobreros.

En vista de lo expuesto entendemos que el registrador recurrido procedió correctamente al consignar el defecto subsanable contra el cual se recurre porque puesto que el Sr. Méndez Vaz hizo la venta en nombre de los dueños de la finca usando los poderes que le fueron sustituídos y puesto que ni en la escritura de venta ni en la de sustitución de poderes se han insertado literalmente las escrituras en las que los dueños concedieron facultades a sus apoderados para determinados actos debieron presentarse al registrador dichas escrituras de poder para que el registrador pudiera calificar por sí mismo, de acuerdo con el artículo 18 de la Ley Hipotecaria, no sólo las facultades concedidas a los apoderados sino también la forma extrínseca de dichos documentos sin que esté obligado a pasar por el criterio que haya formado el notario autorizante respecto a si la facultad de vender se halla o no limitada por las otras cláusulas que no inserta en la escritura de sustitución que se presentó al registrador.   Esta es también la opinión de los Sres. Galindo y Escosura en sus comentarios a la Ley Hipotecaria, cuarta edición, tomo segundo, página 12.

Los recurrentes nos han citado en apoyo de su pretensión de que ordenemos la inscripción sin defecto alguno la resolución de la dirección de los registros de España de 13 de mayo de 1880 y la sentencia de este Tribunal Supremo en el caso de *Fano* v. *El Registrador,* 15 D. P. R. 334.

Con respecto a la primera de esas citas, si bien es cierto que en una obligación hipotecaria hecha por un apoderado el notario se limitó a hacer una relación del poder no obstante lo cual se ordenó la inscripción por el fundamento de que los registradores deben calificar la capacidad de los otorgantes por lo que resulte de las escrituras, según el artículo 18 de la Ley Hipotecaria, y porque en el poder que describe el notario existen datos bastantes para apreciar que el apoderado obró dentro de los límites que se le otorgaran, sin embargo la misma dirección de los registros resolvió lo contrario en 11 de noviembre del propio año 1880, en 15 de abril de 1884, en 15 de marzo de 1887 y en 21 de octubre de 1899, caso éste que es igual al que estamos considerando pues a pesar de que el ·notario insertó en la escritura la cláusula de la de mandato en que se confieren poderes para vender agregando "sin que en el texto del poder conste cosa en contrario" se resolvió que puesto que la escritura de poder no se insertaba literalmente en la de venta era indispensable que se presentase en el registro esta última conjuntamente con aquélla, pues sólo así puede apreciar bien el registrador las facultades del apoderado.   No hemos encontrado en nuestras decisiones resuelta concretamente esa cuestión pero los casos de *Sucesores de L. Villamil & Cía.* contra *El Registrador,* 16 D. P. R. 759, y de *Colón* contra *El Registrador,* 22 D. P. R. 546, tienen gran analogía con el presente.

En cuanto al de Fano, *supra,* citado por los recurrentes, no es aplicable a este caso porque en él no era cuestión a resolver si sería suficiente para el registrador la opinión del

notario respecto a que la cláusula que transcribía no estaba alterada, ni explicada, ni enlazada por ninguna otra.

La nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.