SOCIEDAD ANÓNIMA "BERNAL ESTATE," RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegatoria de inscripción de una escritura de cancelación de hipoteca.

No. 529.—Resuelto en mayo 23, 1922.

CANCELACIÓN—FACULTAD EXPRESA PARA CANCELAR HIPOTECAS.—En el presente caso a continuación de la cláusula que autoriza al apoderado para celebrar arrendamientos expresa el poder lo siguiente: "para que ratifique los contratos que existan al presente y rescinda y cancele los que deban cancelarse." *Se resolvió:* que estas últimas palabras se refieren indudablemente a los concontratos de arrendamiento y de ningún modo pueden interpretarse como que confieren facultad para cancelar hipotecas, facultad que debe ser concedida expresamente. Es cierto que también se confiere al apoderado facultad para comprar bienes inmuebles pero esto no autoriza para presumir que se le facultó para cancelar hipotecas que por constituir una enajenación

es un acto distinto del de comprar, con mayor motivo cuando que ni siquiera se le concede facultad para enajenar bienes inmuebles.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. F. Manuel Toro.*

El registrador recurrido no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

William L. Lowry, como apoderado de la sociedad "Bernal Estate," otorgó escritura de cancelación de hipoteca constituída a favor de su poderdante pero el registrador de la propiedad se negó a hacer la cancelación en sus libros fundándose en que el apoderado no tiene facultad expresa de su mandante para otorgar dicha cancelación. Contra esta resolución se ha interpuesto este recurso gubernativo solicitando que ordenemos al registrador que cancele la hipoteca.

Las facultades conferidas al apoderado en este caso son las siguientes:

"* * * celebrar contratos de arrendamiento y sub-arrendamiento de fincas rústicas y urbanas, por seis años, o más, y prorrogar los mismos, todo por el canon y demás condiciones que estime procedente; para que pueda hacer cesión de dichos contratos de arrendamiento o sub-arrendamiento, y los de su prórroga, en su caso, a favor de quien le pareciere, bien sea de los constituídos antes de este acto a favor de dicha 'Bernal Estate,' o de los que en lo sucesivo se constituyan a su favor; para que celebre contratos sobre cesión de posesión y usufructo de las fincas arrendadas a su poderdante; para que haga anticipos y préstamos en ocasión de los contratos de arrendamiento, sub-arrendamiento y sus prórrogas, constituídos o que se constituyan a favor de la sociedad poderdante; para que ratifiquen los contratos que existan al presente y rescinda y cancele los que deban cancelarse; para que al llevar a cabo estas transacciones estipule las condiciones que estime oportunas, otorgando las escrituras y demás documentos que fueren necesarios, para todo lo cual la mencionada 'Bernal Estate' le confiere el más amplio poder, sin limitación alguna; para que celebre contratos de compraventa de terrenos, o derechos de propiedad, en la Isla de Puerto Rico; para aceptar y firmar contratos privados, escrituras de compraventa e hipoteca, y demás documentos que creyeren necesarios;

para que imponga o acepte las servidumbres que estime oportunas; para que tome la posesión corporal o simbólica que por cualquier título adquiriere la referida sociedad, promoviendo, si necesario fuere, los expedientes de dominio, administrativos o judiciales que correspondan, haciendo todo cuanto legalmente fuere necesario para el desempeño de este mandato, teniendo por subsistente y válido cuanto en virtud del mismo practicare su dicho apoderado, y. los sustitutos por él nombrados; y concediéndole, asimismo, poder amplio para representar a esta corporación en todo cuanto se relacione con el sistema de riego establecido en la Isla de Puerto Rico.''

Hemos resuelto repetidas veces que la cancelación de hipoteca es un acto que entraña una enajenación y que por esto, según el artículo 1615 del Código Civil, es necesario que el apoderado tenga facultad expresa para realizarla; *Baquero* v. *El Registrador,* 22 D. P. R. 24; *Santini* v. *El Registrador,* 23 D. P. R. 328; *Gómez* v. *El Registrador,* 26 D. P. R. 253; *Loubriel* v. *El Registrador,* 26 D. P. R. 728; y aunque en este caso no aparece concedida expresamente al apoderado la facultad de cancelar hipotecas, sin embargo, dice el recurrente que examinadas en conjunto las facultades que contiene la escritura de poder se ve claramente que ellas son expresas, tanto para cancelar los contratos existentes en la fecha del otorgamiento del mismo poder, como para vender e hipotecar bienes inmuebles y otorgar los documentos públicos necesarios, que las facultades conferidas deben ser apreciadas en conjunto y que es lógico presumir que el que tiene facultad para vender bienes inmuebles las tenga a la vez para cancelar hipotecas que pesen sobre los mismos.

En varias ocasiones hemos declarado que el mandato debe ser interpretado restrictivamente: *Landrón* v. *El Registrador,* 15 D. P. R. 722; *Post* v. *El Registrador,* 19 D. P. R. 120; *Baquero, supra; Fano* v. *El Registrador,* 15 D. P. R. 334; *Andreu* v. *El Registrador,* 20 D. P. R. 422, y *Fernández* v. *El Registrador,* 27 D. P. R. 854; pero aún examinadas en conjunto las facultades conferidas en este caso al apoderado, como pretende el recurrente, no podemos declarar que se le

concedió la facultad de cancelar hipotecas pues si bien emplea las palabras "y cancelar lo que debe cancelarse," tales palabras puestas después de hacer referencia a contratos de arrendamiento y en un párrafo que en totalidad dice así: "para que ratifiquen los contratos que existan al presente y rescinda y cancele los que deban cancelarse," estas últimas palabras se refieren indudablemente a los contratos de arrendamiento y de ningún modo pueden interpretarse como que confieren facultad para cancelar hipotecas, facultad que debe ser concedida expresamente. Es cierto que también se confiere al apoderado facultad para comprar bienes inmuebles pero esto no autoriza para presumir que se le facultó para cancelar hipotecas que por constituir una enajenación es un acto distinto del de comprar, con mayor motivo cuando que ni siquiera se le concede facultad para enajenar bienes inmuebles.

La nota apelada debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.