CARMEN FONT JIMÉNEZ VDA. DE SOROETA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1074.—*Sometido:* Octubre 21, 1940. *Resuelto:* Noviembre 18, 1940.

*Federico Acosta Velarde* y *Mariano Acosta Velarde,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El Registrador de la Propiedad de San Juan, Sección Primera, denegó la inscripción de la escritura núm. 38 otorgada por Doña Carmen Font viuda de Soroeta y Don José María Soroeta ante el notario Mariano Acosta Velarde en julio 26, 1940, por virtud de la cual Soroeta, en su carácter de apoderado de Doña Agustina Mancisidor, reconoció que ciertas hipotecas constituídas en garantía de préstamos, otorgadas estando Doña Carmen casada con Don Anselmo Soroeta que falleció y de quien es única heredera doña Agustina, no formaban parte del caudal hereditario de Don Anselmo, si que pertenecían exclusivamente a Doña Carmen por ser privativo de ésta el dinero prestado. El motivo de la negativa lo fué la falta de poder expreso para que el apoderado pudiera realizar el acto a nombre de su poderdante.

No conforme la señora Font interpuso el presente recurso gubernativo basándose en que el poder confiere expresa—o implícitamente en todo caso—la facultad que no encuentra el registrador. Llama la atención hacia las siguientes cláusulas del mismo:

"(2) Vender, comprar, dar, o recibir en pago o compensación total o parcial, ceder, permutar, o por cualquier otro modo oneroso adquirir o enajenar bienes, créditos, acciones y derechos de todas clases, . . . ."

"(3) . . . . conocer o impugnar los créditos que se presenten contra las herencias, hacer, aprobar, o impugnar los inventarios, avalúos, liquidaciones, particiones y adjudicaciones de los bienes hereditarios, . . . . hacer manifestaciones de bienes, . . . ."

"(7) . . . . consentir, constituir, reconocer, calificar, modificar, posponer, subrogar, levantar, cancelar, extinguir, redimir y renunciar hipotecas, . . . ."

"(8) Ratificar, aprobar, modificar, rectificar, rescindir y anular toda clase de actos y contratos, . . . . obtener o hacer reconocimientos de derechos, deudas u obligaciones y fijar plazos y condiciones para el pago o cumplimiento de los mismos; transigir en la forma que mejor le parezca los créditos, acciones y derechos, pudiendo someterse o no a la decisión de árbitros o amigables componedores."

"(12) . . . . completar, modificar, y formalizar descripciones de bienes y cuanto sea preciso para que éstos se inscriban en el Registro de la Propiedad, . . . ."

"(16) Comparecer ante toda clase de autoridades, . . . . Oficinas Públicas, . . . . en asuntos civiles, . . . . incluso en los gubernativos, administrativos, en los que sean objeto de jurisdicciones especiales, y en todos aquéllos en que la mandante tenga interés directo o indirecto, cualquiera que fuere la naturalza de los mismos y el estado de la cuestión; . . . ."

"(17) Y, en general, realizar toda clase de actos y contratos, pues las facultades expresadas se han de entender en sentido declarativo, no restrictivo, de modo que el apoderado tendrá la representación plena de la compareciente, sin reserva ni limitación alguna."

En defensa de su nota, dice el registrador:

"Este es un caso en que se trata de cambiar la forma de adquisición de créditos hipotecarios constituídos en favor de una sociedad de gananciales, en privativos de la esposa, después de haber transcurrido diez años en cuanto al primero, y un año más o menos en cuanto al segundo, y después de fallecido el esposo, que era el único que hubiera podido aceptar tales hechos.

"El primer crédito hipotecario por $1,300 fué constituído a favor de los esposos Carmen Font Jiménez y Anselmo Soroeta Mancisidor, por escritura de 30 de diciembre de 1929, e inscrita con fecha 22 de enero de 1930 en el Registro; y el otro crédito hipotecario por $700 también a favor de los esposos Soroeta-Font, por escritura de 9 de noviembre de 1939, inscrita con fecha 13 de noviembre 1939 en el Registro, y en ninguna de dichas dos escrituras, se hizo la aclaración pertinente relativa a la procedencia privativa del dinero dado a préstamo en tales créditos hipotecarios, a favor de la esposa de Soroeta, sino que ambos créditos se inscribieron como pertenecientes a la sociedad legal de gananciales de dichos esposos Soroeta-Font.

"Además, existe la interpretación de un poder. Más que presumir, el apoderado tiene que admitir que las propiedades del mandante son de éste, quien le faculta para enajenarlas, gravarlas, etc.

"Que el apoderado pueda decir que las propiedades que a él se le entregan para su custodia son de persona distinta de la que a él le ha facultado para actuar, eso sería desvirtuar la naturaleza del mandato."

■■ El mandato es de interpretación estricta. En el recurso gubernativo de *Fano* v. *Registrador,* 15 D.P.R. 334, 336, dijo esta corte:

"El celebrado entre Taulet y Cazuela fué un contrato de mandato que, de acuerdo con la ley natural, la equidad y nuestro propio Código Civil, debe ser interpretado en sentido restrictivo.

"'El mandato filosóficamente considerado, es una extensión de la personalidad. Lo esencial en el mandato es la representación ostentada, pues el mandatario no contrata por sí ni para sí, sino que contrata por y para el mandante. La interpretación del mandato ha de ser siempre restrictiva para evitar que se convierta en daño del mandante lo que éste autorizó para su utilidad y beneficio.' (11 Manresa, C. al C. C., 413, 415 y 454.)

"De acuerdo con lo dispuesto en el Código Civil, artículo 1616, el 'mandatario no puede traspasar los límites del mandato' y artículo 1615, 'para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio, se necesita mandato expreso.'"

La doctrina de la interpretación estricta ha sido ratificada en posteriores decisiones. Véanse *López Landrón* v. *Registrador,* 15 D.P.R. 722, 724; *Villar* v. *Registrador,* 17 D.P.R. 434, 436; *Post et al.* v. *Registrador,* 19 D.P.R. 190, 193; *Santini* v. *Registrador,* 23 D.P.R. 328, 332; *Cobreros* v. *Registrador,* 29 D.P.R. 577, 579; *Sociedad Anónima "Bernal Estate"* v. *Registrador,* 30 D.P.R. 580, 582; *González Fagundo* v. *Registrador,* 47 D.P.R. 671, 672.

Creemos en verdad que éste sometido a nuestra consideración y resolución es un caso extremo. El poder aquí conferido es amplísimo. Parece que fué la intención de la poderdante cubrir todos los actos y contratos imaginables, pero es lo cierto que la transacción de que se trata no fué comprendida en él expresamente, y no hay duda de que envuelve un acto de riguroso dominio.

Quizá no se haría daño inscribiendo el reconocimiento para que pudiera tener todos sus efectos legales, pero el precedente que con ello se sentaría podría ser dañoso en otros casos, y la doctrina debe sostenerse.

*Procede la confirmación de la nota recurrida.*