BENÍTEZ HERMANOS *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao.

No. 81.—Resuelto en febrero 17, 1911.

MANDATO—EJERCICIO DE LA PATRIA POTESTAD—CANCELACIÓN DE GRAVÁMENES.—En el caso de autos una madre con *patria potestad* sobre su hija menor, otorgó poder a un tercero confiriéndole, entre otras, la siguiente facultad: ''Segunda: la de reclamar y percibir cuantas cantidades se le adeuden a dicha menor, aceptando en pago bienes muebles e inmuebles, valores, acciones y créditos de toda especie, pagar sus deudas y suscribir y otorgar los resguardos, recibos, escrituras y demás documentos que se requieran y sean menester.'' Estimado

ineficaz ese poder por el registrador, e interpuesto el recurso correspondiente, *se resolvió:*

(a) Que esa cláusula es valedera y eficaz en derecho, y no envuelve renuncia de *patria potestad* ni contraviene precepto legal alguno, pues la madre, en el uso y ejercicio de los derechos ajenos a la *patria potestad,* puede conferir facultades a un tercero para que, obrando en representación de ella, ejecute actos como los que se expresan en la cláusula transcrita;

(b) Que la madre con *patria potestad* puede cancelar un gravamen constituído á favor del menor, sin necesidad de autorización judicial, pero como esa cancelación entraña un verdadero acto de enajenación, pues por ella se desapodera el acreedor de un derecho real que le pertenece, el mandatario, para otorgarla, necesita un mandato expreso, mandato que no existe en la cláusula del poder, que se ha transcrito.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Luis Muños Morales.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en esta ciudad de San Juan, ante el Notario Don Manuel Rodríguez Serra, a 18 de junio de 1907, Doña Louisa Luchetti en su concepto de madre con patria potestad de la menor Doña Madeleine Luchetti, confirió poder a Don Sosthenes y Don Hernand Behn, para que cualquiera de ellos, indistintamente, atienda al gobierno y disposición de los bienes y derechos pertenecientes a dicha menor, confiriéndoles entre otras la facultad que de dicho poder insertamos íntegra a continuación:

"Segunda. La de reclamar y percibir cuantas cantidades se le adeuden a dicha menor, aceptando en pago bienes muebles o inmuebles, valores, acciones y créditos de toda especie, pagar sus deudas y suscribir y otorgar los resguardos, recibos, escrituras y demás documentos que se requieran y sean menester."

En virtud de la escritura de poder de que se deja hecho mérito, Don Hernand y Don Sosthenes Behn por derecho propio y además como apoderados de Doña Louisa Luchetti, en su concepto de madre con patria potestad de su menor hija Madeleine Luchetti, otorgaron por escritura de 3 de octubre de 1910, ante el notario de esta ciudad, Don Julio César González, carta de pago y de cancelación de hipoteca a favor de

la sociedad Benítez Hermanos domiciliada en la isla de Vieques, por haberles satisfecho dicha sociedad la suma de 20,000 dollars, que representaba uno de los plazos vencidos del precio de 130,000 dollars, por el que Don Hernand y Don Sosthenes Behn y Doña Louisa Luchetti, en representación de su hija menor Doña Madeleine, con autorización judicial, vendieron a Benítez Hermanos una finca situada en el término municipal de Vieques.

Presentada al Registrador de la Propiedad de Humacao para su inscripción la mencionada escritura de carta de pago de 3 de octubre de 1910 acompañada con el testimonio del poder de 18 julio de 1907, dicho registrador denegó la inscripción de cancelación de hipoteca, en cuanto a la parte del plazo que correspondía a la menor Madeleine Luchetti, por medio de nota concebida en los términos siguientes:

"Hecha la cancelación parcial a que se contrae este documento, en cuanto a la parte que en el plazo cancelado pertenecía a Hernand y Sosthenes Behn, en el tomo 11 de Vieques, al folio 78, finca número 342, duplicado, inscripción 8a., denegándose dicha cancelación en cuanto a la parte de crédito correspondiente a la menor Madeleine Luchetti por no haber sido ésta debidamente representada en el otorgamiento, pues a nombre y como apoderado de Doña Louisa Luchetti, madre con patria potestad de dicha menor, comparecen Hernand y Sosthenes Behn por virtud del poder que les fué conferido en escritura de 18 de junio de 1907 ante el notario de San Juan Don Manuel Rodríguez Serra, facultándoles para que cualquiera de ellos indistintamente atienda al gobierno y disposición de los bienes y derechos pertenecientes a dicha menor; poder que la Doña Louisa Luchetti, no está expresamente autorizada por la ley para conferirlo tan amplio y general, pues 'de lo contrario, el padre o madre que no pueden renunciar la patria potestad, según sentencia del 22 de octubre de 1891 sobre discernimiento del cargo de curador dictada por la Corte Suprema de España, conseguirían, delegando en un apoderado, librarse de cumplir directamente las obligaciones que la ley inspirada en la naturaleza humana, les impone respecto a la persona y bienes de sus hijos no emancipados, que, en tal caso, quedarían prácticamente bajo la guarda y custodia de un extraño.   Esto, aparte de que el poder de referencia no contiene facultades expresas para cancelar créditos hipo-

tecarios.  Y se toma anotación de denegación por 120 días, de conformidad con la ley, en los mismos tomos, folio y finca al principio citados, anotación letra A.  Humacao, 12 de diciembre de 1910.  El Registrador, Miguel Planellas.''

Esa nota ha sido recurrida por la sociedad Benítez Hermanos, que solicita su revocación, y que se ordene por esta corte la inscripción de la cancelación parcial de hipoteca que ha sido denegada.

Examinada la cláusula del poder que dejamos transcrita, pues es la única atinente al caso, y prescindiendo del examen de las otras cláusulas que contiene dicho poder, entendemos que aquella cláusula es valedera y eficaz en derecho, pues no envuelve renuncia de patria potestad por parte de Doña Louisa Luchetti sobre su hija Doña Madeleine, ni contraviene precepto legal alguno.

La sentencia del Tribunal Supremo de España de 22 de octubre de 1891 establece que una madre con patria potestad no puede renunciar la administración de los bienes de su hijo; pero esa doctrina no impide que dicha madre, en el uso y ejercicio de los derechos anejos a la patria potestad, confiera facultades a un tercero para que, obrando en representación de ella, ejecute actos como los que se expresan en la cláusula transcrita.  El apoderado en ese caso no obra en nombre propio, sino por cuenta o encargo del mandante, según el artículo 1611 del Código Civil.  Pero ¿faculta dicha cláusula a Don Hernand y Don Sosthenes Behn para la cancelación parcial de la hipoteca de que se trata en cuanto concierne a la menor Doña Madeleine Luchetti?  Creemos que nó.

El artículo 1615 del Código Civil, en su segundo apartado, dice así:

''Para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio, se necesita mandato expreso.''

La cancelación de un crédito hipotecario entraña un verdadero acto de enajenación, pues por aquélla se desapodera el

acreedor de un derecho real que le pertenece, y por tanto, no puede otorgarse sin mandato expreso.

La Dirección general de los Registros de España, viene en confirmación de la doctrina expuesta, al establecer en resolución de 22 dè septiembre de 1879, que los actos o contratos en virtud de los cuales se extingan o cancelen derechos reales inscritos, importan tanto como una verdadera enajenación y deben distinguirse de aquellos que hacen referencia a la cobranza de créditos y a la extensión de los oportunos recibos.

Doña Louisa Luchetti, en concepto de madre con patria potestad sobre su hija Doña Madeleine, ha podido con arreglo al artículo 229 del Código Civil tal como ha sido enmendado por la ley aprobada en 14 de marzo de 1907, cancelar el derecho real constituído por la sociedad recurrente a favor de dicha menor, sin que necesitara para ello autorización judicial; pero sus apoderados Don Harnand y Don Sosthenes Behn necesitan facultad expresa para esa cancelación, según el artículo 1615 del Código Civil, y faltando como falta en el poder presentado tal facultad expresa, estimamos por ese fundamento ajustada a derecho la calificación del Registrador de Humacao, denegando la inscripción de la escritura de 3 de octubre de 1910 en la parte relativa a Doña Madeleine Luchetti.

Por las razones expuestas es de confirmarse la nota del Registrador de la Propiedad de Humacao de 12 de diciembre del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados, Wolf, del Toro y Aldrey.

El Juez Asociado, Sr. MacLeary, no intervino en la resolución de este caso.