SANTINI, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador Interino de la Propiedad de Caguas, denegando la inscripción de una escritura de cancelación de hipoteca.

No. 246.—Resuelto en diciembre 21, 1915.

CANCELACIÓN DE HIPOTECA—CARÁCTER Y FACULTADES DE UN APODERADO—PRESENTACIÓN DEL PODER.—Denegada la inscripción de una escritura de cancelación de hipoteca otorgada por un apoderado, por no acreditarse en ella el carácter y facultades que ostenta éste, el único medio de subsanar el defecto es presentar el poder que justifique el carácter de tal apoderado y la extensión de sus facultades.

ID. — PODERES — CRÉDITOS HIPOTECARIOS — CANCELACIÓN DE CRÉDITOS HIPOTECARIOS—ACTOS DE DOMINIO—INTERPRETACIÓN DEL MANDATO.—En este caso se trató de subsanar el defecto anteriormente apuntado y al efecto fué presentada en el registro con nueva escritura de cancelación, escritura de poder a favor de otro apoderado distinto del primero, cuyo poder contenía, entre otras, las facultades de recibir y cobrar intereses, censos y otros accesorios, aceptar el reembolso de cantidades adelantadas, dar recibo de ellas, levantar embargo y consentir en la radiación de inscripciones. Habiendo, el registrador considerado insuficiente dicho poder para la cancelación del crédito hipotecario, interpuesto el presente recurso, *se resolvió:* 1. Que el poder no contiene facultad expresa para cancelar créditos hipotecarios, requisito indispensable para el fin pretendido, con arreglo al artículo 1615 del Código Civil. 2. Que la cancelación de un crédito hipotecario entraña un verdadero acto de enajenación, pues por aquélla se desapodera el acreedor de un derecho real que le pertenece. 3. Que la palabra "radiación" no es equivalente a la de "cancelación" según el diccionario de la Real Academia Española, a la que debe acudirse para fijar el verdadero sentido de esa palabra. Y 4. Que si alguna duda pudiera haber sobre la interpretación del mandato, ésta habría de ser restrictiva.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Lorenzo Giménez García.*

El registrador recurrido, Sr. Fernando Vázquez, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura No. 259 otorgada en Caguas el 12 de diciembre de 1913 ante el Notario Lorenzo Jiménez García, Mr. Laurent Dibbets, en concepto de apoderado generalísimo de los hermanos Barons August y Constant Goffinet, otorgó a favor de Cantalicio Santini Torres cancelación de hipoteca que gravaba una finca rústica de Santini quien la había adquirido con tal gravamen de los consortes Simona del Carmen Solá López y Manuel Jiménez Jiménez, los cuales habían constituído sobre dicha finca la referida hipoteca a favor de los expresados hermanos para garantir un préstamo de $1,750, consignándose en la referida escritura número 259 que en el acto del otorgamiento de ese documento Dibbets, en el concepto indicado, recibió de Santini la suma adeudada y en su virtud cancelaba totalmente la hipoteca y consentía expresamente se pusiera la correspondiente nota de pago en el registro de la propiedad.

Presentada en el Registro de Caguas la escritura de cancelación de hipoteca, el registrador denegó su inscripción por medio de nota que copiada a la letra dice así:

"Negada la inscripción del precedente documento, que es la escritura número 259, otorgada en esta ciudad, a doce de diciembre de 1913, ante el Notario Don Lorenzo Jiménez García, por no acreditarse en dicho documento el carácter y facultades que ostenta Mr. Laurent Dibbets, de apoderado de los Señores Barons August y Constant Goffinet, acreedores hipotecarios, para cancelar la hipoteca objeto de tal cancelación; extendiéndose en su lugar la correspondiente ANOTACIÓN PREVENTIVA, por el término legal de ciento veinte días, al folio 97 del tomo 36 de este ayuntamiento, finca número 903, triplicado, anotación letra "E." Caguas, 3 de julio de mil novecientos quince. Fernando Vázquez, Registrador Interino."

Solicitó Santini la conversión en inscripción definitiva de la anotación preventiva a que se refiere la nota inserta pre-

sentando al efecto al mismo registrador una escritura de can-
celación de la hipoteca de que se trata otorgada bajo el nú-
mero 101 en 9 de julio, 1915, ante el Notario Lorenzo Jimé-
nez García por Mr. Prudent Wittemans en concepto de apo-
derado sustituto de los hermanos Goffinet a favor de San-
tini y la escritura de sustitución de poder otorgada en 4
de mayo de 1914 ante el Notario Herminio Díaz Navarro
por Mr. Luis Godín en concepto de apoderado de los herma-
nos Goffinet a favor de Mr. Prudent Wittemans, habiendo
denegado el registrador la pretensión de Santini por medio
de la siguiente nota:

"Denegada la conversión en inscripción definitiva de la anota-
ción preventiva por el término legal, a que se refiere la precedente
nota denegatoria, por subsistir el mismo defecto que motivó la refe-
rida nota denegatoria, sin que el citado defecto haya sido subsanado;
y si bien pretendiéndose tal subsanación se acompaña la escritura
número 101, de fecha 9 de julio de 1915, otorgada en esta ciudad
ante el Notario Don Lorenzo Jiménez García, en unión de la escri-
tura de sustitución de poder, número 45, de fecha 4 de mayo de 1914,
otorgada en San Juan ante el Notario Don Herminio Díaz Navarro,
dicha escritura número 101 se considera insuficiente para cancelar
la hipoteca, por carecer el mencionado poder de facultades expresas
para cancelar créditos hipotecarios, y porque habiendo recibido Mr.
Laurent Dibbets, como apoderado de los acreedores, el importe del
crédito, se otorga la referida escritura número 101 por el apoderado
sustituto Mr. Prudent Wittemans, sin autorización expresa  *  *  *.
Caguas, 3 de agosto de 1915. Fernando Vázquez. Registrador Inte-
rino."

Esa nota está sometida a nuestra consideración a virtud
de recurso gubernativo contra ella interpuesto por Santini.

Encontramos ajustada a derecho la nota recurrida.

El defecto que sirvió de fundamento a la nota denega-
toria de 3 de julio, 1915, no ha sido subsanado por las dos
escrituras de cancelación y de sustitución de poder presen-
tadas posteriormente en el registro. El único medio de sub-
sanar el defecto de no haber acreditado Mr. Laurent Dibbets
en la escritura de cancelación de hipoteca de 12 de diciembre,

1913, el carácter y facultades de apoderado de los Señores Barons August y Constant Goffinet, era la presentación del poder que justificara su carácter de apoderado y la extensión de sus facultades, y tal documento no ha sido presentado en el registro.

Tampoco cabe la inscripción de la segunda escritura de cancelación de hipoteca de 9 de julio, 1913, otorgada por Mr. Prudent Wittemans en concepto de apoderado de los hermanos Goffinet. El poder otorgado en 24 de noviembre de 1913 por los hermanos Goffinet a favor de Mr. Luis Godín ante Jean Henri Declerk, notario residente en Bruselas, cuyo poder en español y no en francés se inserta en la escritura de sustitución por Mr. Luis Godín a favor de Mr. Prudent Wittemans confiere a Mr. Luis Godín, entre otras facultades, "las de recibir y cobrar todos intereses, censos y otros accesorios, aceptar el reembolso de las cantidades adelantadas, dar recibo de ellas, levantar embargo y consentir en la radiación de todas inscripciones * * *." No contiene facultad expresa para cancelar créditos hipotecarios y ese requisito es indispensable en el presente caso con arreglo al artículo 1615 del Código Civil, según el cual para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio se necesita mandato expreso. La cancelación de un crédito hipotecario entraña un verdadero acto de enajenación, pues por aquélla se desapodera el acreedor de un derecho real que le pertenece. *Benítez Hermanos* v. *El Registrador de Humacao,* 17 D. P. R. 234.

El apelante sostiene que la palabra "radiación" tomada del francés equivale a la de extinguir, borrar, hacer desaparecer.

En la escritura de sustitución de poder otorgada por Luis Godín a favor de Mr. Prudent Wittemans se inserta como hemos dicho el poder en español y no en francés. No debemos, para averiguar el significado de las palabras, acudir a la lengua francesa sino a la española, y según el Diccionario de la Real Academia Española, radiación es la acción

y efecto de radiar, y radiar es: "despedir o arrojar rayos de luz o calor un cuerpo luminoso o caliente."

En todo caso, si alguna duda pudiera haber sobre la interpretación del mandato, ésta habría de ser restrictiva. *Fano v. El Registrador de la Propiedad,* 15 D. P. R. 334; *López Landrón v. El Registrador de la Propiedad,* 15 D. P. R. 722; *Villar v. El Registrador de la Propiedad,* 17 D. P. R. 434; *Post et al. v. El Registrador de la Propiedad,* 19 D. P. R. 190; *Sucesores de Andreu & Co. S. en C. v. El Registrador de la Propiedad,* 20 D. P. R. 421; *Crehore v. El Registrador de Guayama,* 22 D. P. R., 32; y *Baquero et al. v. El Registrador de San Juan,* 22 D. P. R. 24.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.