FRANCISCO DE DIEGO, recurrente, *v.* EL REGISTRADOR DE GUAYAMA, recurrido.

No. 631.—*Sometido:* Marzo 27, 1926. *Resuelto:* Abril 20, 1926.

1. PRINCIPAL Y AGENTE—DERECHOS Y RESPONSABILIDADES EN CUANTO A TERCERAS PERSONAS—PODERES DEL AGENTE—INTERPRETACIÓN DEL PODER CONFERIDO—

EN CUANTO A FACULTAD PARA CANCELAR HIPOTECAS—OPUESTA.—La autoridad concedida por poder para recibir cantidades por rentas o cualquier concepto y otorgar para ello cuantos documentos, recibos y *cartas de pago* se exijan, no son frases suficientes para entender comprendidas en ella la facultad de cancelar hipotecas.

2. PRINCIPAL Y AGENTE—DERECHOS Y RESPONSABILIDADES EN CUANTO A TERCERAS PERSONAS—PODERES DEL AGENTE—NECESIDAD DE MANDATO EXPRESO—CANCELACIÓN DE DERECHOS REALES.—La cancelación de un crédito hipotecario entraña una enajenación que no puede otorgarse mediante poder sin que exista mandato expreso para ello (*Benítez v: Registrador*, 17: 237; *Santini* v. *Registrador*, 23: 331, confirmados).

3. PRINCIPAL Y AGENTE—DERECHOS Y RESPONSABILIDADES EN CUANTO A TERCERAS PERSONAS—PODERES DEL AGENTE—INTERPRETACIÓN DEL PODER CONFERIDO—EN CUANTO A FACULTAD PARA CANCELAR HIPOTECAS.—Conferido en un poder facultad para otorgar recibos y *cartas de pago,* pero no la de consentir en la cancelación de derechos reales, la escritura otorgada por el apoderado para cancelar en virtud de tal poder no es inscribible.

NOTA de *Pérez Mercado,* R. (Guayama) denegando la inscripción de cierta escritura de cancelación. *Confirmada.*

*C. Domínguez Rubio,* abogado del recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Presentada al Registro de la Propiedad de Guayama cierta escritura de cancelación, el registrador denegó la inscripción ''porque los poderes que se insertan en dicho documento en su parte pertinente o sustancial son insuficientes para cancelar.''

En la escritura de cancelación el recurrente comparece como apoderado de Hipólito y Rosario Rubio y Gavira confiriéndoles tal representación separadamente, pero en términos más o menos idénticos.

La cláusula del poder otorgado por Hipólito Rubio lee así:

''Concurre a este acto (Hipólito Rubio Gavira) con el carácter de heredero de su padre don Antonio Rubio y Ruiz que falleció en Sevilla en veinte y ocho de Noviembre de mil novecientos diez y ocho, que confiere poder tan amplio, firme, especial y bastante cuanto por ley se requiera y sea necesario a favor de don Francisco de Diego, mayor de edad, industrial y vecino de Puerto Rico, para que cobre cuantas cantidades le corresponda percibir como tal heredero de su

dicho padre, bien por razón de rentas, intereses o por cualquier concepto, dando de todo ello cuantos documentos, recibos o cartas de pago se le exijan con tal fin y para que administre y arriende los bienes de su dicho finado padre, pues el poder qué necesite el apoderado nombrado asimismo le da y confiere sin ninguna limitación.''

El recurrente sostiene que la autoridad que le concede el poder a recibir cantidades por rentas o cualquier concepto y otorgar para ello cuantos documentos, recibos y cartas de pago se le exijan son frases suficientes para entender comprendida en ellos la facultad de cancelar hipotecas. Siguiendo la argumentación del recurrente se puede ver que hay que darle una interpretación extensiva al poder, contrario a la doctrina establecida que debe hacerse restrictivamente, para decir que contiene autorización para cancelar hipotecas. El admite que el poder pudo ser más claro, demostrándose que no hay una facultad expresa para cancelar. El artículo 1615 del Código Civil en su párrafo segundo, dispone que ''para transigir, enajenar, hipotecar o ejecutar cualquier acto de riguroso dominio, se necesita mandato expreso,'' y se tiene repetidamente resuelto tanto por esta Corte Suprema como por las autoridades españolas que la concelación de un crédito hipotecario entraña una verdadera enajenación y no puede otorgarse mediante poder, sin mandato expreso. *Benítez* v. *El Registrador,* 17 D.P.R. 237; *Santini* v. *El Registrador,* 23 D.P.R. 331. En estos casos los poderes que fueron interpretados están redactados en términos más o menos parecidos a los que son objeto de este recurso.

La definición, por otra parte, de ''carta de pago,'' que cita el recurrente de la Enciclopedia Jurídica de Francisco Seix (tomo 5, p. 570), no envuelve la cancelación de hipotecas. En relación con el registro se exige algo más: se ha de consentir por el acreedor la cancelación del gravamen en el registro, y así lo explican claramente las siguientes citas:

''Si en la escritura de poder otorgada a favor de determinada

persona se confiere a ésta, entre otras facultades, la de otorgar recibos y cartas de pago de las cantidades que cobrare por préstamo, pero no la de consentir en la cancelación de derechos reales, y el apoderado otorga una escritura con el objeto de cancelar una hipoteca, es evidente que ésta no puede ser inscrita sin traspasar los límites del poder y contravenir a lo que dispone el art. 82 de la ley, puesto que la Dirección general ha declarado en repetidas resoluciones, que la facultad de cobrar créditos y extender recibos es distinta de la de consentir en la cancelación de asientos extendidos en libros del Registro, toda vez que la ley Hipotecaria exige para tal cancelación, no sólo que se haya extinguido el derecho inscrito, sino que se decrete judicialmente o consienta en ella la persona a cuyo favor se hubiere hecho la inscripción o anotación. (Res. de 19 Julio 1879.)

"Según doctrina constante de la Dirección general, como derivada de los principios establecidos en la legislación hipotecaria, los actos o contratos en virtud de los cuales se extinguen o cancelan derechos reales inscritos, importan tanto como una verdadera enajenación y deben distinguirse de aquellos que hacen referencia a la cobranza de créditos y a la extensión de los oportunos recibos, pues entre las facultades de los administradores y usufructuarios no se comprende la de enajenar bienes raíces y derechos reales. (Res. de 22 de Septiembre 1879.)

\*　　\*　　\*　　\*　　\*　　\*　　\*

"La doctrina sentada en Resolución de 19 de Julio de 1879 referente al caso en que el apoderado, que no había sido investido por su poderdante más que de la facultad de otorgar recibos y cartas de pago de las cantidades que cobrase por préstamo, no está autorizado para cancelar una hipoteca constituída a favor de su principal, es por razón de identidad aplicable al mismo caso en que se decide clara y concretamente que la facultad de cobrar créditos y extender recibos es distinta a la de consentir en la cancelación de asientos extendidos en los libros de Registro, toda vez que la ley Hipotecaria exige para tal cancelación, no sólo que se haya extinguido el derecho inscrito, sino que consienta en ella la persona a cuyo favor se hubiese hecho la inscripción. (Res. de 24 Septiembre 1891.)" Odriozola, Diccionario de Jurisprudencia Hipotecaria, págs. 906 y 909.

*Por todo lo expuesto debe confirmarse la nota recurrida.*