RAMÓN GONZÁLEZ FERNÁNDEZ, recurrente, *v.* EL REGISTRADOR de·la PROPIEDAD de SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 711.—*Sometido:* Marzo 2, 1928. *Resuelto:* Marzo 16, 1928.

1. MENORES—CONTRATOS—CAPACIDAD PARA ELLO.—Emancipado un menor a los efectos de la administración de sus bienes, dicho menor no puede cancelar una hipoteca constituida a su favor sin el consentimiento de su representante legal.

2. HIPOTECAS—PAGO O CUMPLIMIENTO DE CONDICIÓN, CANCELACIÓN Y CARTA DE PAGO—CANCELACIÓN—INSCRIPCIÓN—CANCELACIÓN VERIFICADA POR UN MENOR—FALTA DE CONSENTIMIENTO DEL REPRESENTANTE LEGAL.—Una cancelación de hipoteca efectuada sin el consentimiento del representante legal de un menor emancipado a los efectos de la administración de sus bienes, no es inscribible.

3. MENORES—CONTRATOS—CAPACIDAD PARA ELLO.—La cancelación de una hipoteca está incluida en la limitación de enajenar—venta—sin el consentimiento del representante legal a que se contrae el artículo 307 del Código Civil.

NOTA de *Augusto Malaret*, R. (San Juan, Sección Primera), denegando inscripción de una escritura de cancelación de hipoteca. *Confirmada.*

*Daniel Pellón, Jr.,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Doña Felícita Alvarez García, menor de edad emancipada por concesión de su madre después de la muerte del padre, otorgó escritura pública de cancelación de hipoteca de un crédito hipotecario que le fué adjudicado en la partición de bienes de su padre, pero el registrador de la propiedad se negó a inscribir esa cancelación de hipoteca en sus libros por no haber sido hecha con el consentimiento del representante legal de la menor. Contra esta resolución interpuso el deudor hipotecario don Ramón González

Fernández el presente recurso gubernativo para que la revoquemos y ordenemos la inscripción.

El registrador recurrido cita en su alegato para apoyar su negativa nuestras decisiones en los casos de *Benítez Hermanos* v. *El Registrador,* 17 D.P.R. 234; *García* v. *Garzot,* 18 D.P.R. 866; *Gómez* v. *El Registrador,* y *Loubriel* v. *El Registrador,* 26 D.P.R. 253 y 728. En el caso de *García* v. *Garzot, supra,* se trataba de la validez de una cancelación de hipoteca otorgada por un menor de edad emancipado por matrimonio y dijimos que como la cancelación de una hipoteca es un acto de enajenación el menor no pudo otorgar la cancelación sin el consentimiento de su representante legal; y en los otros casos citados se trataba de cancelaciones de hipotecas hechas por apoderados y declaramos que como tales cancelaciones entrañan la enajenación de un derecho real se necesitaba para ellas poder expreso. En uno de ellos, en el de *Benítez Hermanos,* fué citada la resolución de los registros de España de 22 de septiembre de 1879 según la cual los actos o contratos por los que se extingan o cancelen derechos reales inscritos importan tanto como una verdadera enajenación; habiendo hecho referencia en el de *García* v. *Garzot* al artículo 335, No. 10, del Código Civil, que clasifica los derechos reales como bienes inmuebles.

[1, 2] No obstante esas decisiones, insiste el recurrente en que el menor emancipado no necesita consentimiento de su representante legal para cancelar hipotecas, porque las únicas limitaciones impuestas por el artículo 307 del Código Civil a los menores de edad emancipados son las de contraer promesa u obligación alguna que exceda del importe de sus rentas por un año, las de gravar y vender bienes inmuebles suyos y comparecer en juicio sin consentimiento de su padre, en defecto de éste, sin el de su madre, y, en su caso, sin el de su tutor; por lo que dice que no estando comprendida entre esas limitaciones la de cancelar hipotecas no puede ser ésta incluida entre dichas limitaciones toda vez que los estatutos prohibitivos deben ser interpre-

tados restrictivamente, y cita en apoyo de su contención las resoluciones de la Dirección General de los Registros de España de 15 de marzo de 1902 y de 3 de junio de 1890 así como al tratadista Sr. Barrachina en su obra sobre derecho hipotecario, quien se apoya en la resolución citada de 3 de junio de 1890.

En esa resolución de 1890 no se trataba de cancelación de hipoteca hecha por menor emancipado sin el consentimiento de su representante legal sino de venta hecha por dos mujeres casadas menores de edad y emancipadas por matrimonio, pero que fué otorgada por ellas con el consentimiento de su madre, habiendo sido la cuestión suscitada por el registrador que ellas necesitaban también el consentimiento de sus respectivos esposos y que el artículo 317 del Código Civil español, que es equivalente a nuestro 307 del Código Civil a que hemos hecho referencia, se refiere a la emancipación voluntaria y solamente a los varones, habiéndose decidido en esa resolución que no distinguiendo la ley en la emancipación entre varones y mujeres, no cabía hacer la distinción propuesta por el registrador, por lo que tal resolución no aporta luz alguna a la materia que estamos considerando. La otra resolución de 1902 sí resuelve la cuestión en los mismos términos que ahora alega el recurrente, pero debemos decir que la misma Dirección de los Registros dijo lo contrario en 22 de septiembre de 1879, que hemos citado en el caso de *Benítez Hermanos, supra.*

[3] El fundamento principal del recurrente es que siendo la limitación de la ley para las ventas no debe agregarse la limitación de cancelación de hipotecas, pero es que nosotros no agregamos una nueva limitación a la ley sino que hemos declarado que tal cancelación está incluida en la limitación de enajenar sin el consentimiento del representante legal, porque una cancelación equivale a una enajenación de un derecho real; y si bien el artículo 307 no emplea la palabra ''enajenación'' sino la de ''venta'', ambas palabras han sido usadas como sinónimas en esta materia por el le-

gislador, puesto que en su artículo 309 tratando de la emancipación por matrimonio dice que el menor así emancipado no podrá enajenar sin el consentimiento de su representante legal.

En vista de lo expuesto sostenemos nuestro criterio sobre el particular discutido y declaramos que el registrador procedió correctamente al negarse a inscribir fundándose en nuestras decisiones citadas, por lo que *la nota recurrida debe ser confirmada.*

El Juez Asociado Señor Texidor no intervino.