ANTONIO PILLICH, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1228.—*Sometido:* Enero 19, 1948. *Resuelto:* Abril 7, 1948.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El recurrente adquirió una finca urbana radicada en Santurce afecta a una hipoteca a favor de Ignacio Rodríguez Luiña. Éste falleció, hallándose entre sus herederos su hijo Rafael Rodríguez Barreal, a quien en pago de su haber hereditario se adjudicó, entre otros bienes, el crédito hipotecario antes mencionado. Con posterioridad a la declaratoria de herederos, allá por el año 1929, el Fiscal de la Corte de Distrito de Mayagüez radicó una petición en aquella corte en la que expuso que hacía cuatro años para aquella fecha que se desconocía el paradero de Rafael Rodríguez Barreal, el cual se había ausentado de Puerto Rico catorce años antes, sin haber dejado apoderado ni designado uno posteriormente; que se habían practicado las gestiones adecuadas para localizarlo, resultando estériles tales gestiones; que el ausente era soltero hasta que se tuvieron las últimas noticias de él y que había dejado bienes en los distritos de Mayagüez y San Juan. A virtud de esta moción, la Corte de Distrito de Mayagüez nombró un administrador judicial por resolución de 24 de marzo de 1930.

Allá por el año 1940 ó 1941, una hermana del ausente acudió a la misma corte de distrito y luego de exponer los hechos ya narrados y de agregar que hacía unos veintisiete años que el ausente había salido de Puerto Rico sin que se supiera si es vivo o muerto, solicitó que se decretara la presunción de muerte y en su consecuencia se pusiera a sus presuntos herederos en posesión de sus bienes; que se or-

denase el cese de la administración judicial y se dispusiera la preparación de un inventario de los bienes del ausente para someterlo a la aprobación de la corte y que en definitiva se ordenase que los bienes que resultasen del inventario se inscribieran a favor de los herederos con las condiciones que fija la ley. Notificado el Fiscal, manifestó no tener objeción alguna. La corte, luego de citar a los presuntos herederos para una audiencia que se celebró el 27 de junio de 1941, dictó resolución el 30 del mismo mes de conformidad con lo solicitado y dispuso la preparación de un inventario, y que los bienes que resultaren del mismo fuesen inscritos a favor de los herederos sujetos a las condiciones fijadas por la ley. Expedido el 6 de agosto de 1942 el correspondiente mandamiento por duplicado a los Registradores de San Germán y San Juan, respectivamente, el primero inscribió a favor de los herederos los bienes radicados en la circunscripción de su registro, de conformidad con lo dispuesto en el mandamiento. En cambio, el segundo inscribió solamente a favor de los herederos la posesión provisional de las fincas y créditos hipotecarios, consignándolo así en su nota de 13 de febrero de 1947, contra la cual no se estableció recurso gubernativo.

Tal era el estado de los bienes en el Registro, cuando los herederos de Rafael Rodríguez Barreal, a cuyo favor se había inscrito la posesión provisional, instituyeron un procedimiento ejecutivo en la Corte de Distrito de San Juan contra el recurrente Antonio Pillich en cobro de la hipoteca. El demandado, antes de la terminación del procedimiento, pagó el crédito hipotecario a los demandantes a su satisfacción y el 23 de abril de 1945 obtuvo de la Corte de Distrito de San Juan un mandamiento dirigido al Registrador de la Propiedad de San Juan, Sección Primera, ordenándole extender el correspondiente asiento de cancelación de la referida hipoteca.

El Registrador denegó la cancelación por los siguientes fundamentos: Porque del Registro resultaba que los presuntos herederos de Rafael Rodríguez Barreal solamente tenían inscrita la posesión provisional de los bienes del ausente; porque la declaración de ausencia se había verificado por resolución de la Corte de Distrito de Mayagüez de 30 de junio de 1941 y hasta la fecha en que se ordenó la cancelación del crédito hipotecario no había transcurrido el término que señala el Código Civil para solicitar y obtener la presunción de muerte del ausente,[1] estando imposibilitados los presuntos herederos de practicar, y el tribunal de ordenar, la aludida cancelación hasta que se siga el debido procedimiento de ley. Esta nota fechada el 18 de diciembre de 1947 es la que motiva este recurso gubernativo.

A los efectos de resolver el problema planteado por la nota recurrida, conviene no perder de vista que los presuntos herederos sólo tienen inscrita la posesión provisional del crédito. Si erró el Registrador al inscribir solamente la posesión provisional, pudo determinarse interponiendo los herederos recurso gubernativo contra la nota de 13 de febrero de 1947, lo cual no se hizo, como antes hemos indicado. Dentro del presente recurso dirigido contra la nota del 18 de diciembre de 1947 no puede revisarse la nota anterior. Por consiguiente, cuando el Registrador recibió el mandamiento para la cancelación de la hipoteca, del Registro resultaba que los herederos a cuyo nombre se hacía la cancelación por haber ellos recibido el pago de la hipoteca, sólo tenían inscrita la posesión provisional. A la luz

---

[1] A este efecto prescribe el artículo 56 del Código Civil:

"Pasados quince años desde el día en que fuere concedida la posesión provisional de los bienes del ausente, o desde el día en que el marido o la mujer se hubiese hecho cargo de la administración de los bienes del cónyuge ausente con arreglo a lo anteriormente dispuesto, o pasados noventa años desde el nacimiento del ausente, la corte de distrito, a instancia de parte interesada, declarará la presunción de muerte.''

de esos hechos, procede determinar ahora si la Corte de Distrito de San Juan podía ordenar la cancelación de la hipoteca.

 Así como dentro del Derecho Civil nadie puede trasmitir más derechos que los que tiene, dentro del Derecho Hipotecario nadie puede trasmitir más derechos que los que tiene inscritos. Este principio lo derivamos del artículo 20 de la Ley Hipotecaria, que en lo pertinente prescribe:

"Para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

"*Los registradores denegarán la inscripción de dichos títulos mientras no se cumpla este requisito, siendo responsables directamente de los perjuicios que causen a un tercero por la infracción de este precepto.*" (Bastardillas nuestras.)

Pasemos ahora a determinar los derechos que tienen los herederos según el Registro. La solución la encontramos en los artículos 51 y 55 del Código Civil, que disponen:

"*Artículo 51.—La posesión provisional es sólo un depósito que inviste a aquéllos que la obtienen con la administración de los bienes del ausente,* al cual le son responsables en el caso de que comparezca o de que se tenga noticia de él. . . ." (Bastardillas nuestras.)

"*Artículo 55*(²).—Las personas que gozan solamente de la posesión provisional, *no pueden enajenar* ni gravar los bienes inmuebles del ausente." (Bastardillas nuestras.)

Reiteradamente ha resuelto este Tribunal que la cancelación de una hipoteca es un acto de enajenación. *De Diego* v. *Registrador,* 35 D.P.R. 325; *Loubriel* v. *Registrador,* 26 D.P.R. 728; *Gómez* v. *Registrador,* 26 D.P.R. 253; *Santini* v. *Registrador,* 23 D.P.R. 328, 331; *Crehore* v. *Registrador,* 22 D.P.R. 32, y *Benítez Hermanos* v. *Registrador,* 17 D.P.R. 234, 237. Siendo ello así, los herederos, que sólo tenían facultades de administración, artículos 51 y 55 del Código Ci-

(²)La enmienda de que fué objeto este artículo por la Ley núm. 140 de 15 de mayo de 1937 (pág. 312) no alteró la parte transcrita.

vil, nó podían cancelar la hipoteca, que es un acto de riguroso dominio. Inscrita solamente la posesión provisional, el artículo 20 de la Ley Hipotecaria impedía a la corte de distrito ordenar la cancelación mientras el crédito hipotecario no estuviese inscrito a favor de los herederos del ausente. Consecuentemente, no erró el Registrador al denegar la cancelación.

*Procede confirmar la nota recurrida.*

El Juez Asociado Sr. Todd, Jr., se inhibió.