Antonio Pillich, recurrente, *v.* El Registrador de la Propiedad de San Juan (Sección Primera), recurrido.

Núm. 1239.—*Sometido:* Febrero 1, 1949. *Resuelto:* Abril 27, 1949.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Antonio Pillich presentó este Recurso Gubernativo pidiendo que se revoque la nota del Registrador de la Propiedad de San Juan, Sección Primera, de 20 de julio de 1948, por la cual se denegó la cancelación de una hipoteca que a favor del ausente Rafael Rodríguez Barreal afecta una finca del recurrente radicada en el término municipal de San Juan. Para la mejor inteligencia de las cuestiones envueltas en este recurso, precisa reproducir los hechos que sirvieron de base al que anteriormente presentó el mismo recurrente y que resolvió este Tribunal el 7 de abril de 1948., *Pillich* v. *Registrador,* 68 D.P.R. 561, en el cual se confirmó otra nota denegatoria de la cancelación de la misma hipoteca. Los hechos como se expusieron en dicho caso son así:

"El recurrente adquirió una finca urbana radicada en Santurce afecta a una hipoteca a favor de Ignacio Rodríguez Luiña. Éste falleció, hallándose entre sus herederos su hijo Rafael Rodríguez Barreal, a quien en pago de su haber hereditario se adjudicó, entre otros bienes, el crédito hipotecario antes mencionado. Con posterioridad a la declaratoria de herederos, allá por el año 1929, el Fiscal de la Corte de Distrito de Mayagüez radicó una petición en aquella corte en la que expuso que hacía cuatro años para aquella fecha que se desconocía el paradero de Rafael Rodríguez Barreal, el cual se había ausentado de Puerto Rico catorce años antes, sin haber dejado apoderado ni designado uno posteriormente; que se habían practicado las gestiones adecuadas para localizarlo, resultando estériles tales gestiones; que el ausente era soltero hasta que se tuvieron las últimas noticias de él y que había dejado bienes en los distritos de Mayagüez y San Juan. A virtud de esta moción, la Corte de Distrito de Mayagüez nombró un administrador judicial por resolución de 24 de marzo de 1930.

"Allá por el año 1940 ó 1941, una hermana del ausente acudió a la misma corte de distrito y luego de exponer los hechos ya narrados y de agregar que hacía unos veintisiete años que el ausente había salido de Puerto Rico sin que se supiera si es vivo o muerto, solicitó que se decretara la presunción de muerte y en su consecuencia se pusiera a sus presuntos herederos en posesión de sus bienes; que se ordenase el cese de la administración judicial y se dispusiera la preparación de un inventario de los bienes del ausente para someterlo a la aprobación de la corte y que en definitiva se ordenase que los bienes que resultasen del inventario se inscribieran a favor de los herederos con las condiciones que fija la ley. Notificado el Fiscal, manifestó no tener objeción alguna. La corte, luego de citar a los presuntos herederos para una audiencia que se celebró el 27 de junio de 1941, dictó resolución el 30 del mismo mes de conformidad con lo solicitado y dispuso la preparación de un inventario, y que los bienes que resultaren del mismo fuesen inscritos a favor de los herederos sujetos a las condiciones fijadas por la ley. Expedido el 6 de agosto de 1942 el correspondiente mandamiento por duplicado a los Registradores de San Germán y San Juan, respectivamente, el primero inscribió a favor de los herederos los bienes radicados en la circunscripción de su registro, de conformidad con lo dispuesto en el mandamiento. En cambio, el segundo inscribió solamente a favor de los herederos la posesión provisional de las fincas y créditos hipotecarios, consignándolo así en su nota de 13 de febrero de 1947, contra la cual no se estableció recurso gubernativo.

"Tal era el estado de los bienes en el Registro, cuando los herederos de Rafael Rodríguez Barreal, a cuyo favor se había inscrito la posesión provisional, instituyeron un procedimiento ejecutivo en la Corte de Distrito de San Juan contra el recurrente Antonio Pillich en cobro de la hipoteca. El demandado, antes de la terminación del procedimiento, pagó el crédito hipotecario a los demandantes a su satisfacción y el 23 de abril de 1945 obtuvo de la Corte de Distrito de San Juan un mandamiento dirigido al Registrador de la Propiedad de San Juan, Sección Primera, ordenándole extender el correspondiente asiento de cancelación de la referida hipoteca." (Págs. 562, 563.)

El Registrador en aquel caso denegó la cancelación, entre otros fundamentos, porque del Registro resultaba que los presuntos herederos de Rafael Rodríguez Barreal solamente tenían inscrita la posesión provisional de los bienes del au-

sente. Considerando entonces que los presuntos herederos del ausente solamente tenían inscrita la posesión provisional y que ésta, de acuerdo con el artículo 51 del Código Civil es un mero depósito que inviste a los que la obtienen con la administración de los bienes; considerando que el artículo 55 del mismo cuerpo legal dispone que las personas que gozan solamente de la posesión provisional no pueden enajenar ni gravar los bienes inmuebles del ausente; y considerando, por último, que la cancelación de una hipoteca es un acto de enajenación, confirmamos la nota recurrida. Dijimos entonces:

"Así como dentro del Derecho Civil nadie puede transmitir más derechos que los que tiene, dentro del Derecho Hipotecario nadie puede trasmitir más derechos que los que tiene inscritos. Este principio lo derivamos del artículo 20 de la Ley Hipotecaria, que en lo pertinente prescribe:

" 'Para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.' " (Pág. 565.)

Tratando de subsanar el error en que habían incurrido los herederos de Rodríguez Barreal, acudieron éstos nuevamente a la Corte de Distrito de Mayagüez con una petición para que se decretase la presunción de muerte, y en su consecuencia, se expidiese mandamiento al Registrador de la Propiedad de San Juan para que procediese a cancelar el crédito hipotecario que anteriormente les había pagado Pillich. La corte celebró una vista al efecto, no hubo oposición alguna a lo solicitado por los peticionarios, el fiscal manifestó no tener objeción alguna a que se decretase la presunción de muerte, y la corte así lo ordenó. Expedido nuevo mandamiento al Registrador de la Propiedad, el 25 de junio de 1948 volvió a denegarse la cancelación, entre otros fundamentos, porque en el primer caso lo más que podía decretar la Corte de Distrito de Mayagüez era la entrega

provisional de los bienes a los presuntos herederos y eso fué lo que se había inscrito. Y como desde que se dictó la resolución de 30 de junio de 1941 que el Registrador interpretó como una entrega provisional de bienes, hasta la fecha de la resolución de 25 de junio de 1948, en que la misma Corte de Distrito de Mayagüez decretó la presunción de muerte, no habían transcurrido los quince años que exige la ley, no procedía la cancelación solicitada.

Si el recurrente examina cuidadosamente los preceptos del Código Civil relativos a la Ausencia, advertirá que en dicho procedimiento existen tres etapas o períodos por los cuales debe pasarse para que la corte tenga facultad para decretar la presunción de muerte. El primero lo fija el artículo 32 de dicho Código.(¹) con el cual se inicia todo el procedimiento. En consonancia con ese artículo, deberá nombrarse un administrador para la representación del ausente y la administración de sus bienes. El segundo lo describe el artículo 43 del mismo cuerpo legal y es el que se refiere a la entrega de la posesión provisional de los bienes del ausente a sus herederos presuntos. Este período no llega hasta después de transcurridos cinco años de haberse ausentado la persona. Y la tercera etapa tiene lugar, de acuerdo con el artículo 56 cuando hayan transcurrido quince años desde el día en que fué concedida la posesión provisional de los bienes del ausente, o desde aquél en que su cónyuge se hubiese hecho cargo de la administración de los bienes, o cuando hubieren pasado noventa años desde el nacimiento del ausente.

---

(¹)El artículo 32 del Código Civil prescribe:

"Cuando alguna persona poseedora de propiedad mueble o inmueble o de derechos o créditos relativos a la misma, se ausentare o residiere fuera de Puerto Rico, sin haber nombrado apoderado o administrador para sus bienes, o cuando el administrador o apoderado nombrado muriese o se incapacitase legalmente, por cualquier concepto, para continuar en el ejercicio de su mandato o administración, la corte de distrito en que estuviesen sitos los bienes, a instancia de parte legítima o del fiscal, procederá a nombrar un administrador para la representación del ausente y la administración de sus bienes."

■ En el presente caso la corte de distrito no tenía facultad para decretar la presunción de muerte sin haber transcurrido quince años desde el día en que fué concedida la posesión provisional a los presuntos herederos. El error del recurrente y de la corte de distrito estriba en que cuentan los quince años a que se refiere el artículo 56 del Código Civil desde que se ordenó la administración de los bienes del ausente, y no desde que se concedió la entrega provisional, que son dos situaciones distintas. El recurrente pierde de vista que el ausente era soltero y consecuentemente la administración no pudo ser concedida a su cónyuge. Siendo ello así, la fecha en que se concedió la administración no puede tomarse como punto de partida para contar los quince años necesarios a los fines de decretar la presunción de muerte. Este es un procedimiento que debe seguirse estrictamente para que tenga validez y el hecho de que la ausencia se haya prolongado por muchos años, no da facultades a la corte para decretar la presunción de muerte, si no se reúnen los requisitos que para ello exige el artículo 56.

■ Comprendemos la situación del recurrente en el presente caso. Sin duda se debió al error de pagar a los que sólo tenían la posesión provisional en vez de consignar el montante de la hipoteca en la Corte de Distrito de San Juan, donde se ejecutaba el crédito. Pero el remedio perseguido por los herederos de Rodríguez Barreal no podía concedérselo la corte de distrito por carecer de facultades para ello, de acuerdo con el artículo 56 antes mencionado.

Dada la conclusión a que llegamos no es necesario considerar otros motivos de la nota recurrida. *Procede su confirmación*.

. El Juez Asociado Sr. Todd, Jr., se inhibió.