MATILDE PABÓN Y MALAVÉ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1289.

*Sometido:* 26 de enero de 1953. *Resuelto:* 10 de noviembre de 1953.

*José Sabater*, abogado de la recurrente; el registrador recurrido comparecó por escrito.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del tribunal.

El 22 de diciembre de 1948, previa autorización de la anterior Corte de Distrito de Mayagüez, doña Matilde Pabón y Malavé, asistida de su actual esposo don Atilano Fernández, constituyó hipoteca a favor de los hijos menores de doña Matilde Pabón y su anterior esposo, nombrados Carlos Pablo e Ivet Emilia Mántaras y Pabón sobre dos fincas urbanas, una, propiedad privativa de doña Matilde Pabón y otra propiedad de la sociedad de gananciales que tiene constituída con su actual esposo don Atilano Fernández. Por escritura número 106, otorgada por doña Matilde Pabón Malavé el día 26 de julio de 1951, ante el notario don José Sabater, fueron emancipados por su madre los menores don Carlos Pablo y doña Ivet Emilia Mántaras y Pabón. Por escritura.

número 46, otorgada por doña Ivet Emilia Mántaras y Pabón por sí y como apoderada de su hermano don Carlos Mántaras y Pabón el día 17 de marzo de 1952 ante el notario don José Sabater, dicha doña Ivet Emilia Mántaras y Pabón canceló la hipoteca anteriormente referida, compareciendo en la escritura de cancelación su madre doña Matilde Pabón y Malavé, con el objeto de facultar a su hija menor emancipada para dicha cancelación de hipoteca, otorgada a favor de la propia doña Matilde Pabón y Malavé.

Presentada para su inscripción en el Registro de la Propiedad de Mayagüez la escritura de cancelación de hipoteca, la inscripción fué denegada por el fundamento que la madre de los menores emancipados que comparecía autorizando a su hija a la cancelación, resultaba ser la deudora de la hipoteca que se pretendía cancelar. No conforme con la actuación del señor Registrador de la Propiedad de Mayagüez licenciado José M. Ramírez de Arellano, doña Matilde Pabón y Malavé recurre ante nosotros mediante el presente recurso gubernativo, donde nos solicita que anulemos la actuación del Registrador denegando la inscripción del documento.

De acuerdo con el artículo 237 del Código Civil de Puerto Rico, un menor emancipado por concesión del padre o de la madre que ejerza la patria potestad, no puede gravar ni vender bienes inmuebles suyos, sin consentimiento de su padre, en defecto de éste sin el consentimiento de su madre, y en el caso apropiado, sin el consentimiento del tutor especial que se le nombre. No cabe la menor duda que la cancelación de una hipoteca es un acto de dominio y a la vez una enajenación, dentro de nuestro derecho civil: *Pillich* v. *Registrador*, 68 D.P.R. 561, (*De Jesús*), (1948), cita precisa a la página 565. No cabe la menor duda tampoco que emancipado un menor a los efectos de la administración de sus bienes, dicho menor no puede cancelar una hipoteca constituída a su favor sin el consentimiento de su representante legal: *González* v. *Registrador*, 37 D.P.R. 868, (*Aldrey*),

(1928), cita precisa a la página 870. [4, 5] Es verdad que en este caso, la menor emancipada por concesión de la madre, comparece asistida de ésta, pero comparece asistida de ésta para cancelar una hipoteca otorgada por la propia madre. En Puerto Rico no existe en nuestro Código Civil ninguna disposición relativa a cómo debe suplirse la falta de capacidad del menor emancipado, cuando éste tenga intereses contrarios a los de su padre o a los de su madre. *Lebrón* v. *Registrador*, 63 D.P.R. 359, (*Travieso*), (1944), cita precisa a la página 363. La regla ha tenido que establecerse mediante decisión judicial.

Estamos frente a una de esas curiosas modalidades de lo que en derecho civil se conoce como autocontrato, o sea, el contrato mediante el cual una persona puede contratar consigo mismo, sin la concurrencia de voluntades que presupone el contrato. Demás está decir que dicha anomalía no debe ser favorecida dentro de la teoría general de las obligaciones.

La prohibición de nuestro Código Civil en el sentido que un menor emancipado no pueda realizar por sí mismo un acto de dominio y de enajenación de bienes inmuebles, es una medida protectora para cubrir la presunta falta de capacidad del menor emancipado. La emancipación por concesión de los padres es "un estado jurídico de verdadera capacidad limitada, estado intermedio, en el cual el menor posee en cierto grado el ejercicio de sus derechos civiles sin llegar a la plenitud de ese ejercicio": 2 Manresa 751, (Edición del Instituto Editorial Reus, 1944). El Código ha querido suplir esta capacidad limitada con la mejor experiencia y el conocimiento más cabal que del negocio jurídico pueda tener el padre, la madre o el tutor. Si la persona llamada a suplir esta falta de capacidad resulta ser la misma persona a favor de quien ha de realizarse la enajenación, es indudable que el propósito fundamental del legislador queda defraudado.

Nada hemos encontrado en nuestra jurisprudencia anterior que necesite un reexamen para ajustarlo al espíritu de

un nuevo tiempo. Por el contrario, creemos que la regla establecida por nuestro tribunal, en el sentido que en todo caso de conflicto entre los intereses de los menores emancipados y los intereses de sus progenitores, se nombre un tutor especial o un defensor judicial, debe ser mantenida, no sólo por la propia sanidad moral de la institución paterno-filial, sino para salvar el principio de la libre concurrencia de voluntades en materia de contratación. Es indudable que un menor emancipado, sometido hasta cierto extremo a la potestad paterna o materna, nunca tendría la misma libertad para contratar con sus padres, que tendría para contratar con personas particulares.

*Debe confirmarse la nota recurrida.*