QUIÑONES, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

Recurso gubernativo contra nota denegatoria de inscripción
del Registrador de la Propiedad de San Germán.

No. 175.—Resuelto en marzo 5, 1914.

FACULTADES DE UN TUTOR—ADJUDICACIÓN EN PAGO Y CANCELACIÓN DE HIPOTECA—
AUTORIZACIÓN JUDICIAL.—De acuerdo con el artículo 282 del Código Civil,
enmendado por la Ley No. 33 de marzo 9, 1911, el tutor necesita autorización
judicial para aceptar por documento público en pago de un crédito la adju-
dicación de la finca hipotecada y cancelar la hipoteca, aun en el supuesto
de que dicha adjudicación haya sido convenida privadamente con el padre

del menor en vida de éste. La adjudicación o dación en pago equivale a un contrato de venta y la cancelación de una hipoteca importa tanto como una verdadera enajenación.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

El Registrador Sr. Rafael B. Sama compareció por escrito en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En la ciudad de San Germán a 7 de enero del corriente año 1914, por ante el Notario Don Benito Forés y Morazo, Juan José Tellado acompañado de su legítima esposa Antonia Tomey otorgó escritura pública de venta de una casa radicada en la calle del Sol de dicha ciudad a favor de los menores Norberto Alfredo, Rafael Angel y Rosendo de Jesús Quiñones e Irizarry, únicos herederos de su difunto padre Don Rosendo Quiñones y Guzmán, representados por su tutor testamentario Don Tomás Quiñones y Guzmán, cuya venta según se expresa en la escritura, por Don Juan José Tellado, había sido hecha anteriormente desde el 17 de septiembre de 1913 al mencionado Don Rosendo Quiñones y Guzmán mediante documento privado por precio de $615 de los cuales dejó al comprador $590 en pago de igual suma, por la que estaba hipotecada la referida casa según escritura de 10 de noviembre de 1911, habiendo recibido el vendedor los $25 restantes de manos del comprador, sin que el contrato en la fecha de su celebración se hubiera elevado a escritura pública, por más que desde entonces entró en posesión de la casa Don Rosendo Quiñones y Guzmán, fallecido en 6 de noviembre de 1913.

Presentada en el Registro de la Propiedad de San Germán la escritura de venta de que se deja hecho mérito, el registrador denegó su inscripción por medio de la siguiente nota:

"No admitida la inscripción del documento que precede con vista de otro, por el defecto de que aunque la escritura se otorga a favor de Don Rosendo Quiñones y Guzmán, habiendo éste fallecido, la hipoteca en pago de la cual se adjudica la finca, constituye capital

de los menores sucesores de aquél y no puede el tutor hacer contratos o actos sujetos a inscripción, sin la correspondiente autorización de la corte de distrito, según la Ley de la Asamblea Legislativa de Puerto Rico del año mil novecientos once, tomándose en su lugar anotación letra A por ciento veinte días al folio 8 vuelto del tomo 39 del ayuntamiento de esta ciudad, finca número 2160. San Germán, febrero 9 de 1914. El Registrador, Rafael B. Sama.''

Esa nota ha sido recurrida para ante esta Corte Suprema por Tomás Quiñones y Guzmán en representación de los menores hijos de Don Rosendo de los mismos apellidos, y alega en apoyo del recurso que la razón legal invocada por el registrador no es aplicable al presente caso en que el tutor no ha celebrado contrato ni ejecutado acto alguno sujeto a inscripción por su propia cuenta y en funciones de su cargo, sino que se ha limitado a formalizar mediante escritura pública un contrato ya celebrado por el difunto padre de los menores mediante el cual fué recibida en pago la finca hipotecada y extinguido desde entonces el gravamen hipotecario que sobre ella pesaba.

No podemos aceptar como buena la alegación de la parte recurrente.

El artículo 282 del Código Civil Revisado, tal como quedó enmendado por la Ley No. 33 de 9 de marzo de 1911, en lo atinente al caso dice así:

''Artículo 282.—El tutor necesita autorización de la corte de distrito competente:

\*      \*      \*      \*      \*      \*      \*

''5. Para enajenar o gravar bienes inmuebles que constituyan el capital de los menores o incapaces o hacer contratos o actos sujetos a inscripción \* \* \*.''

Son bienes inmuebles según el artículo 335 del código citado, entre otros, las servidumbres y demás derechos reales impuestos a aquéllos.

''La adjudicación importa un verdadero contrato de dación o venta en pago.'' *Voight* v. *El Registrador de la Propiedad de Ponce,* 2 S. P. R., 145.

"Los actos o contratos en virtud de los cuales se extingan o cancelen derechos reales inscritos importan tanto como una verdadera enajenación y deben distinguirse de aquellos que hacen referencia a la cobranza de créditos y a la extensión de los oportunos recibos."
*Benítez Hermanos* v. *El Registrador de la Propiedad,* 17 D. P. R., 234.

Haciendo aplicación de los preceptos de ley y de la doctrina legal que dejamos consignada a la escritura cuya inscripción fué denegada por el Registrador de la Propiedad de San Germán, encontramos que éste procedió con razón derecha, pues aun en el supuesto de que la venta de la casa fuera hecha desde 17 de septiembre de 1913 por Juan José Tellado a Rosendo Quiñones y Guzmán mediante documento privado, cuya copia no aparece en la escritura pública de 7 de enero del corriente año, no puede desconocerse que esa escritura envuelve la formalización o ratificación de aquel documento privado por el tutor de los menores hijos de Rosendo Quiñones y Guzmán, siendo el otorgamiento de la escritura pública requisito indispensable para la inscripción en el registro de la adjudicación o dación en pago de la casa hipotecada. El tutor Tomás Quiñones y Guzmán ha ejecutado un acto sujeto a inscripción y por tanto necesitaba para ello de la autorización judicial que exige el artículo 282 que dejamos transcrito.

Pero aun hay más. La escritura de 7 de enero del corriente año no sólo entraña un contrato de venta por parte de Juan José Tellado, pues como hemos dicho antes, venta es la adjudicación o dación en pago, sino que también envuelve una enajenación por parte de Tomás Quiñones y Guzmán en representación de los menores, pues por dicha escritura quedaba extinguido el crédito hipotecario que gravaba la casa, con arreglo al artículo 1124 del Código Civil, procediendo en su consecuencia la cancelación de dicho crédito con arreglo a los artículos 82 de la Ley Hipotecaria y 132 del Reglamento para su ejecución, y ya antes de ahora hemos dicho que la cancelación de un crédito hipotecario entraña un verdadero acto de enajenación, pues por aquélla se desapodera

el acreedor de un derecho real que le pertenece. *Benítez Hermanos* v. *El Registrador de la Propiedad de Humacao,* 17 D. P. R., 234.

Ciertamente que el contrato de venta privadamente celebrado en 17 de septiembre de 1913 entre Juan José Tellado y Rosendo Quiñones y Guzmán, si es que existió, creó entre los contratantes un vínculo de derecho que hoy afecta a los causahabientes del comprador, pero ese contrato no podía producir efectos legales respecto de terceras personas mientras no se elevara a documento público y fuera inscrito en el registro de la propiedad, y por tanto en cuanto a terceros la casa de que se trata continuó perteneciendo a Juan José Tellado y la hipoteca subsistente a favor de Rosendo Quiñones y Guzmán y por muerte de éste a favor de su menores hijos.

Para la formalización por medio de documento público del contrato de venta de la casa con la extinción de la hipoteca que la gravaba era de absoluta necesidad la autorización judicial cuya falta motiva la nota recurrida.

Por las razones expuestas es de confirmarse la expresada nota.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.