SUCESIÓN DE RAMÓN CESANÍ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD SUSTITUTO DE MAYAGÜEZ, recurrido.

Núm. 1013.—*Sometido:* Enero 10, 1938. *Resuelto:* Febrero 2, 1938.

580

*Enrique Báez García,* abogado de la recurrente; 

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Don Domingo Torres Bellido, dueño de una porción de terreno de una cuerda y media, con su casa de madera, constituyó dos hipotecas, por $150 y $175, respectivamente, a favor de don Ramón Cesaní Urbano.

Habiendo fallecido el acreedor Sr. Cesaní, el deudor Torres Bellido convino con la viuda e hijos del finado en adjudicarles la finca, en pago de las dos hipotecas. Y de acuerdo con lo convenido, en 18 de mayo de 1937 las partes otorgaron escritura pública por la cual Torres Bellido y esposa adjudican la finca a la viuda e hijos de su acreedor, quienes la aceptan en pago de los $325 garantizados por las dos hipotecas, otorgando a favor del vendedor formal recibo y carta de pago por dicha suma y dando su consentimiento para que las dos hipotecas sean canceladas por confusión de derechos. Presentada dicha escritura para su inscripción, ésta fué denegada por el Registrador sustituto de Mayagüez por las razones expuestas en la siguiente nota, contra la cual se ha interpuesto el presente recurso:

"Denegada la inscripción de este documento que es la escritura número noventa y cuatro, otorgada en Mayagüez, a 18 de mayo de 1937, ante el notario don Enrique Báez García, sobre adjudicación de finca rústica en pago de hipotecas y cancelaciones de éstas y con vista de otros documentos y tomada en su lugar anotación preventiva por el término legal en favor de los adquirentes, al folio 35

vuelto del tomo 90 de Mayagüez, finca número 3889, anotación letra A, porque se trata de la adjudicación que hace el deudor hipotecario a favor de la sucesión del acreedor finado Ramón Cesaní Urbano, de un bien inmueble hipotecado, en la cual existe una menor llamada Estrella Cesaní, en cuya representación comparece su madre y viuda del causante y toda vez que al adjudicarse en pago la finca hipotecada se cancelan las hipotecas, que es la consideración del contrato, esta adjudicación equivale a un contrato de venta y la cancelación de las hipotecas equivale a una verdadera enajenación (*Benítez Hnos.* v. *Registrador*, 17 D.P.R. 234 y *Quiñones* v. *Registrador*, 20 D.P.R. 144), y siendo esto así, dicha menor no puede contratar y su madre no puede consentir en representación de su expresada hija menor en las operaciones comprendidas en dicha escritura sin la previa autorización judicial.''

Alegan los recurrentes que el documento fué presentado con un escrito en que se solicitaba del registrador que al inscribir la escritura de adjudicación en pago se limitase a inscribirla en cuanto a la adjudicación, dejando existentes los créditos hipotecarios para solicitar la cancelación de los mismos en su oportunidad. Y sostienen como puntos fundamentales del recurso:

1. Que el registrador debió inscribir el documento en cuanto a la adjudicación en pago, dejando vigentes las hipotecas.

Esta contención carece de méritos. El adjudicatario de un inmueble no puede ser a un mismo tiempo dueño de la finca y acreedor hipotecario. Al hacerse la adjudicación, la hipoteca queda extinguida por confusión de derechos, por ministerio de la ley y sin necesidad de acto alguno de las partes. No puede el registrador inscribir la adjudicación en favor del acreedor y dejar vivos en el registro sus derechos como tal acreedor hipotecario. Su deber es inscribir la adjudicación y cancelar el gravamen que ha sido extinguido como consecuencia de tal adjudicación, para que el registro de la propiedad sea siempre y por encima de todo un fiel reflejo del verdadero estado de la propiedad. La adjudicación en pago de un gravamen y la extinción de éste son insepa-

rables y ni el registrador, ni las partes contratantes pueden evitar las consecuencias legales de la adjudicación, inscribiendo ésta y dejando de inscribir la cancelación de la hipoteca.

■ 2. Que el registrador debió inscribir el documento en cuanto a los condominios de los herederos mayores de edad y de la viuda.

Los herederos recurrentes José Antonio, Ricardo, Rosa Milagros y Eugenio Bernardo Cesaní y Nieto y la viuda doña Venancia Nieto, son todos mayores de edad, con capacidad legal para contratar. La menor Carmen María Cesaní y Nieto fué emancipada por su madre a la edad de 18 años, mediante escritura de 22 de enero de 1937, y compareció en la escritura de adjudicación asistida de su señora madre. Cada uno de los herederos obtuvo una participación pro indivisa de una séptima parte del montante de los créditos hipotecarios relictos al fallecimiento del causante don Ramón Cesaní y Urbano, correspondiendo una séptima parte a la viuda como cuota usufructuaria. Los cuatro hijos mayores de edad, la viuda y la menor emancipada están legalmente capacitados para aceptar, en pago de sus participaciones pro indivisas en los créditos hipotecarios constituídos en favor del causante, el traspaso de la finca hipotecada. Y tienen derecho a exigir del registrador la inscripción a favor de cada uno de ellos de la participación que les corresponde en la finca adjudicádales en pago de sus créditos respectivos.

Erró el recurrido al denegar la inscripción en cuanto a las participaciones de dichos seis recurrentes; y en cuanto a ellos, su nota debe ser revocada.

■ 3. Que el registrador debió inscribir el documento en cuanto a la menor Estrella Cesaní y Nieto por ser perfectamente inscribible.

Tratan los recurrentes de distinguir el caso de autos del de *Quiñones* v. *Registrador,* 20 D.P.R. 144, en el que se sostuvo que de acuerdo con el artículo 282 del Código Civil, en-

mendado por la Ley núm. 33 de marzo 9, 1911, un tutor no está facultado para aceptar, sin la previa autorización judicial, la adjudicación de una propiedad en pago de un crédito hipotecario y cancelar la hipoteca; que la entrega de propiedad en pago de una deuda es equivalente a un contrato de compraventa; y que la cancelación de una hipoteca importa tanto como una verdadera enajenación. Las únicas diferencias que señalan son: primera, que en el caso de *Quiñones* v. *Registrador,* supra, el tutor aceptó la adjudicación en pago de la hipoteca y tuvo además que completar el precio de la adjudicación entregando dinero perteneciente a los menores, lo que no ha ocurrido en el caso de autos; y, segunda, que las disposiciones del artículo 282 del Código Civil son aplicables a los tutores y no a los padres, quienes por razón de la patria potestad gozan de mayor libertad de acción en cuanto al manejo y administración de los bienes del menor.

Ambas alegadas diferencias carecen de méritos. Es cierto que en el caso de autos la madre de la menor no hizo pago alguno en efectivo con fondos de la menor, pero no es menos cierto que en la escritura de adjudicación en pago de la hipoteca la madre de la menor otorgó formal recibo y carta de pago a favor del deudor, lo que equivale a renunciar a favor de éste el derecho que pudiera tener la menor para exigir al deudor el pago de cualquier deficiencia que pudiera resultar en caso de ejecución del crédito hipotecario, por no ser suficiente la finca hipotecada para responder del pago de la obligación principal, de la que es subsidiaria la hipoteca. Esa renuncia es una consideración tan valiosa y efectiva como si se hubiera hecho un pago en efectivo con fondos de la menor.

El artículo 229 del Código Civil, según fué enmendado por la ley de 14 de marzo de 1907, leyes de ese año, pág. 285, disponía:

"El ejercicio de la patria potestad no autorizará al padre ni a la madre para enajenar o gravar bienes inmuebles que de cualquier

modo pertenezcan al hijo, y que estén bajo la administración de alguno de aquéllos, sin previa autorización judicial, la que se les acordará por la Corte de Distrito del Distrito Judicial, en que los bienes de que se trate radiquen, previa comprobación de la necesidad o utilidad de la enajenación o gravamen. *No se exigirá al padre o en su caso, a la madre, la mencionada autorización judicial para percibir algún crédito a favor del hijo o cancelar cualquier gravamen que lo asegure.''* (Bastardillas nuestras.)

Interpretando dicho artículo, esta Corte Suprema resolvió en *Benítez Hermanos* v. *Registrador,* 17 D.P.R. 234, que la madre con patria potestad sobre una menor podía cancelar un derecho real constituído a favor de la menor, sin que necesitara para ello autorización judicial.

Por leyes de 9 de marzo de 1911 y 48 de abril 28, 1930, leyes de ese año, 373, el citado artículo 229 del Código Civil fué enmendado nuevamente, quedando redactado así:

''El ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dólares, pertenecientes al hijo, y que estén bajo la administración de aquéllos, sin previa autorización de la corte de distrito en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o el gravamen, y de acuerdo con lo dispuesto en la ley referente a procedimientos legales especiales.

''No obstante lo dispuesto en el párrafo anterior, no será necesaria la autorización judicial para la venta de frutos de una finca rústica, en su última cosecha.

''Para otorgar contratos de arrendamiento de bienes inmuebles, inclusos los de refacción agrícola y molienda de cañas autorizados por la Ley de 10 de marzo de 1910, por un término mayor de seis años, será también indispensable la autorización requerida en el párrafo anterior; pero en ningún caso el arrendamiento o contrato podrán efectuarse, ni la autorización concederse para el arrendamiento por un período de tiempo que exceda del que falte al menor, no incapacitado por otra causa, para cumplir su mayoridad.''

Véase: Compilación de 1911, pág. 652; artículo 159 Código Civil 1930.

Comparando ambos textos se verá que el legislador en 1911 eliminó del texto aprobado en 1907 las palabras que hemos subrayado en el mismo, revelando así su intención de que se exija autorización judicial al padre o madre de un menor para el cobro o cancelación de cualquier gravamen constituído a favor del menor. El legislador ha querido imponer a los padres de un menor restricciones similares a las que el artículo 282 del Código Civil impone a los tutores. Y ni los unos ni los otros están autorizados para aceptar una dación en pago, ni para cancelar un crédito hipotecario, actos que entrañan verdaderas enajenaciones, sin la previa autorización de la corte de distrito.

Por las razones expuestas, *debe revocarse la nota del registrador en cuanto a la denegación de la inscripción de las participaciones que en la finca adjudicada en pago correspondan a los recurrentes mayores de edad y ordenarse al registrador que proceda a inscribir las participaciones correspondientes a Venancia Nieto viuda de Cesaní, y a cada uno de sus hijos José Antonio, Ricardo, Bernardo, Milagros y Carmen María Cesaní y Nieto, de acuerdo con la escritura que motivó la nota recurrida. Y se confirma la nota del registrador en cuanto a la denegación de la inscripción en favor de la menor Estrella Cesaní y Nieto.*

El Juez Asociado Señor Córdova Dávila no intervino.